[Cite as *State v. Lewis*, 2015-Ohio-4629.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No. WD-14-082

　　　　Appellee                                     Trial Court No. 2014CR0161

v.

Nathaniel L. Lewis, Jr.                              **DECISION AND JUDGMENT**

　　　　Appellant                                    Decided:  November 6, 2015

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Gwen
Howe-Gebers, Chief Assistant Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Nathaniel Lewis, Jr., appeals the November 4, 2014

judgment of the Wood County Court of Common Pleas which following his guilty plea to

theft, sentenced him to 11 months of imprisonment.  Because we conclude that the

sentence was not contrary to law, we affirm.

**{¶ 2}** On May 8, 2014, appellant was indicted on one count of felonious assault, R.C. 2903.11(A)(1) and (D)(1)(a), a second degree felony. The charge stemmed from an incident on January 19, 2014, at a hotel in Northwood, Wood County, Ohio. On September 16, 2014, appellant entered a guilty plea to the amended indictment charging him with theft, R.C. 2913.02(A)(1) and (B)(2), a fifth degree felony. A presentence investigation was completed.

**{¶ 3}** On October 31, 2014, appellant's sentencing hearing was held and he was sentenced to 11 months of imprisonment. Appellant commenced this appeal and raises the following assignment of error:

> Appellant's sentence should be vacated due to the trial court's
>
> failure to comply with the directives of R.C. 2929.11 and 2929.12.

**{¶ 4}** In his sole assignment of error, appellant argues that his sentence was contrary to law because the trial court failed to comply with the statutory sentencing requirements. Specifically, appellant contends that the trial court improperly considered prior, unrelated dismissed charges in sentencing him to imprisonment.

**{¶ 5}** In *State v. Tammerine,* 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11, this court held that R.C. 2953.08(G)(2) "directly defines and establishes the proper appellate standard of review in felony sentencing cases." We outlined the required analysis under R.C. 2953.08(G)(2), which establishes that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

2.

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13(B) or (D), division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law. *Id*. at ¶ 11.

{¶ 6} We first note that the sentence was within the statutory prison-term range of six to 12 months. R.C. 2929.14(A)(5). At the October 31, 2014 sentencing hearing, in reviewing appellant's prior criminal record the following discussion took place:

THE COURT: Isn't this his fourth Assault charge?

MR. STEPHENSON: I don't know how many charges there were. But, I know this is his – well, first off, there was no Assault conviction in this case. He had an Assault * * * adjudication as a juvenile, but I don't think there is any Assault conviction on his record.

THE COURT: You are arguing semantics. I asked if this was his fourth Assault charge. May, 2012, Assault, dismissed, Toledo Muni Court. October, 2012, Assault, Toledo Muni Court, dismissed. December, 2012, Assault amended to Attempt – possibly Attempted Assault I don't know. I stand corrected. Domestic Violence, Lucas County Common Pleas Court, dismissed. And then the Felonious Assault charge that was originally charged here. So admittedly, at least except perhaps for the Attempted Assault dismissed, but a pattern of assaultive charges.

3.

**{¶ 7}** Appellant's counsel then indicated that such considerations are legally irrelevant and could not be properly used at sentencing. The state inaccurately maintained that dismissed charges could be used in fashioning a sentence. A correct statement of law provides that charges dismissed pursuant to the plea agreement in the case at issue may be considered unless otherwise provided in the agreement. *See State v. Finn*, 6th Dist. Lucas Nos. L-09-1162, L-09-1163, 2010-Ohio-2004, ¶ 8.

**{¶ 8}** The court then stated that in sentencing appellant it considered the fact that he committed the offense while under community control sanctions and that appellant admitted to causing serious physical harm to an individual during the events leading to the theft charge. As to the risk of recidivism, the court noted:

> You have a history of criminal convictions, not being rehabilitated to a satisfactory degree, adjudicated delinquent, and not responding favorably to sanctions previously imposed. In looking over your juvenile record, I see a probation violation. More importantly, your adult criminal record, I see one, two, three, four, probation violations: Two in 2012 and two in 2010. There are not any factors indicating recidivism is less likely.

**{¶ 9}** The court further noted that appellant was under the influence of drugs at his presentence investigation interview and that his explanation for the events at issue was implausible.

**{¶ 10}** In its November 4, 2014 judgment entry the court, on a preprinted form, indicated that a prison term was warranted due to the fact that appellant caused physical

harm to an individual in committing the offense and that he was under a community control sanction at the time.

{¶ 11} Although we disagree with the court's statement that a charge versus a conviction is just "semantics," there was ample evidence in the record to support appellant's sentence and, thus, the sentence was not contrary to law. Appellant's assignment of error is not well-taken.

{¶ 12} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

Stephen A. Yarbrough, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.