[Cite as *State v. Lanning*, 2020-Ohio-2863.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                    Court of Appeals No. OT-19-024

      Appellee                            Trial Court No. 18 CR 120

v.

Caleb Lanning                              **DECISION AND JUDGMENT**

      Appellant                           Decided: May 8, 2020

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Blake W. Skilliter, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Caleb Lanning, appeals the November 6, 2018 judgment of the

Ottawa County Court of Common Pleas sentencing him to a 54-month aggregate prison

term following his convictions for burglary and attempted burglary. For the reasons that

follow, we affirm the trial court's judgment.

## I. Background

{¶ 2} On May 17, 2018, Caleb Lanning was indicted on a total of 43 felony counts including five counts of robbery with four counts including a firearm specification; six counts of vandalism each including a firearm specification; one count of theft with a firearm specification; two counts of attempted burglary with each including a firearm specification; one count of attempted robbery; three counts of theft of a motor vehicle with one count including a firearm specification; one count of breaking and entering; three counts of grand theft; six counts of burglary; and four counts of attempted burglary.

{¶ 3} The charges arose from a series of events that occurred on March 25 and 26, 2018. The indictment alleges that on those evenings, Lanning and three other individuals traveled through Portage and Catawba Townships in Ottawa County, Ohio, illegally entering several structures. The structures included residences, homes under construction, and at least one business. Lanning and his associates vandalized the structures with spray paint, antifreeze, and laundry soap. They also destroyed contents in the homes. Additionally, they stole televisions, firearms, and golf carts from several of the residences. At his arraignment, Lanning entered a plea of not guilty to all 43 counts.

{¶ 4} On August 15, 2018, Lanning appeared for a change of plea hearing. In exchange for a guilty plea to one count of burglary and one count of attempted burglary, as well as Lanning's cooperation as a witness in the state's prosecution of his associates, the state agreed to dismiss the remaining 41 charges. The trial court accepted Lanning's guilty plea and dismissed the remaining charges. The trial court ordered Lanning to

2.

participate in a presentencing interview and set the matter for a sentencing hearing on November 2, 2018.

{¶ 5} At the sentencing hearing, Lanning acknowledged his review of the presentence interview report. He objected to the narrative summary in the report, which indicated that Lanning participated in the misconduct supporting all of the charges against him. Lanning maintained that he only participated in the first night's activities—March 25, 2018—which involved conduct relating to the few residences underlying his convictions and, he said, "a couple of others." Lanning claimed he did not join the others the following night, March 26, 2018, which is when the majority of the misconduct occurred. Lanning also objected to the report stating that he had served a six-month sentence as a juvenile with the Department of Youth Services. He informed the trial court that this sentence was suspended and he was never physically incarcerated as a juvenile.

{¶ 6} The state acknowledged that it "understand[s] Mr. Lanning *indicates* he was not involved in all of [the burglaries], but they were all done within a relatively short time." The state further noted that Lanning participated in the theft of firearms, substantial vandalism of the residences, and the theft of golf carts. The state also referenced Lanning's lengthy juvenile criminal history as support for the imposition of a prison term. The state requested the trial court impose the maximum statutory prison term for each conviction—36 months for burglary and 18 months for attempted burglary—and order the sentences to be served consecutively.

3.

{¶ 7} Lanning's counsel then addressed the trial court and acknowledged that Lanning participated in the illegal entry into "a couple" of houses under construction, at least one residence, and one business. He again disputed Lanning's participation in all of the conduct supporting the dismissed charges. Both Lanning and his counsel informed the trial court that, despite his juvenile history and this conviction, that he now understood the seriousness of his crimes and recognized that his behavior was the result of his drug use. Lanning requested the trial court sentence him to a term in a community based correctional facility where he could seek treatment for drug addiction rather than impose a prison term.

{¶ 8} Following Lanning's allocution, the trial court imposed a 36-month prison term on his burglary conviction and an 18-month prison term on his attempted burglary conviction. The trial court ordered the prison terms to be served consecutively for an aggregate term of 54 months. The trial court's judgment was memorialized in an entry filed November 6, 2018.[1]

{¶ 9} Lanning failed to timely appeal the trial court's judgment. On June 27, 2019, Lanning, proceeding pro se, filed a motion for leave to file a delayed appeal with a notice of appeal pursuant to App.R. 5(A). Lanning's notice of appeal identified ineffective assistance of counsel for failing to timely appeal his sentence as the probable

---

[1] Due to an error in the original judgment entry regarding the aggregate length of Lanning's prison term, the trial court entered a nunc pro tunc judgment entry on December 13, 2018, correctly reflecting the 54-month term imposed at sentencing.

4.

issue for our review. We granted Lanning's motion on August 12, 2019, and appointed him appellate counsel. We also granted Lanning leave to file an amended notice of appeal within 10 days of our order. The amended notice of appeal was filed on August 21, 2019. Lanning asserts the following error for our review:

1. The court erred when it considered the bad acts of others in giving appellant a maximum sentence.

## II. Law and Analysis

{¶ 10} We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a judgment only if we clearly and convincingly find either of the following: "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 7, citing R.C. 2953.08(G)(2).

{¶ 11} Here, Lanning challenges the trial court's imposition of the maximum sentence for each of his two convictions—36 months for burglary and 18 months for attempted burglary—as being "contrary to law" because the trial court improperly considered the offenses of others rather than the "offender, the offense, or the victim" as required by R.C. 2929.12. We disagree.

5.

{¶ 12} A felony sentence is "contrary to law" if the trial court failed to consider the purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12 when determining the appropriate sentence. *State v. Williams*, 6th Dis. Lucas No. L-13-1083, 2014-Ohio-3624, ¶ 8; R.C. 2929.12. But, "[w]hile the phrase 'shall consider' is used throughout R.C. 2929.12, the sentencing court is not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender. Indeed, no specific recitation is required." *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.). Moreover, we may vacate or modify a felony sentence only if we determine "by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶ 13} Initially, we note that Lanning is not claiming that the trial court failed to consider the seriousness and recidivism factors of R.C. 2929.12, and the record reflects that the trial court expressly stated at both Lanning's sentencing hearing and in its judgment entry that it considered R.C. 2929.12. Lanning is claiming that the trial court *improperly* applied the R.C. 2929.12 factors when it considered conduct underlying the dismissed charges—which, he claims, was not his conduct. Given that the trial court expressly stated that it considered R.C. 2929.11 and 2929.12, properly applied postrelease control, and imposed a prison term within the permissible statutory range, we must uphold Lanning's sentence unless the record contains clear and convincing evidence

6.

that the trial court's application of R.C. 2929.12 was somehow contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15.

{¶ 14} Lanning argues that his sentence is "contrary to law" because the trial court considered the dismissed charges even though he claimed that he was innocent of those charges at his plea hearing and at sentencing, and that other people committed those crimes—not him. We reject this argument for several reasons.

{¶ 15} First, the trial court did not explicitly reference the dismissed charges as factors it considered when imposing its sentence. Lanning assumes that the trial court must have considered the dismissed charges when imposing his sentence because the state discussed Lanning's conduct as supporting *all* of the charges against him, and the state did not specifically identify which of those acts supported the two charges underlying his guilty plea. But contrary to Lanning's argument, there is no evidence in the record—let alone clear and convincing evidence—demonstrating that the trial court even considered the dismissed charges when determining his sentence.

{¶ 16} Second, assuming that the trial court did consider the dismissed charges, "charges dismissed pursuant to the plea agreement in the case at issue may be considered unless otherwise provided in the agreement." *State v. Lewis*, 6th Dist. Wood No. WD-14-082, 2015-Ohio-4629, ¶ 7, citing *State v. Finn*, 6th Dist. Lucas Nos. L-09-1162, L-09-1163, 2010-Ohio-2004, ¶ 8. Neither Lanning's signed plea agreement nor the state's representations at his change of plea hearing reflect an agreement that the trial

7.

court would not consider the dismissed charges when imposing his sentence—thus, it would have been appropriate for the trial court to do so.

{¶ 17} Third, the fact that Lanning claimed to be innocent of the dismissed charges does not change this analysis. A trial court is not prohibited from considering conduct supporting charges dismissed pursuant to a plea agreement simply because the defendant claims to be innocent of those charges. Indeed, if we were to hold otherwise, our decision would be contrary to well-established case law that uncharged crimes and charges dismissed pursuant to plea agreements may be considered at sentencing. *See State v. Skaggs,* 4th Dist. Gallia No. 16CA19, 2017-Ohio-7368, ¶ 15, citing *State v. Hansen*, 7th Dist. Mahoning No. 11 MA 63, 2012-Ohio-4574, ¶ 22, quoting *State v. Starkey*, 7th Dist. Mahoning No. 06 MA 110, 2007-Ohio-6702, ¶ 17, citing *State v. Cooey*, 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989) (uncharged crimes are part of the defendant's social history and may be considered); *State v. France*, 5th Dist. Richland No. 15CA19, 2015-Ohio-4930, ¶ 20 ("Ohio Courts have continually held uncharged crimes and dismissed charges pursuant to plea agreements may be considered by courts as factors during sentencing"); *State v. Finn*, 6th Dist. Lucas Nos. L-09-1162 and L-09-1163, 2010-Ohio-2004, ¶ 8 ("[T]he trial court acts within its statutory purview in considering and referencing facts and circumstances of a dismissed charge when sentencing a defendant on a remaining, non-dismissed charge"); *State v. Reeves*, 8th Dist. Cuyahoga No. 100560, 2015-Ohio-299, ¶ 9 ("Because there was no agreement by the parties that the trial court should not consider the dismissed charges, and because trial

8.

courts routinely consider these matters in sentencing, the court's consideration of the underlying facts in this case was proper"; *see also State v. Scheer*, 158 Ohio App.3d 432, 2004-Ohio-4792, 816 N.E.2d 602, ¶ 17 (4th Dist.) ("[T]he court was free to consider the dismissed charges when determining an appropriate sentence for [the defendant]"). Put simply, Lanning's claim of innocence to the dismissed charges has no impact on the trial court's ability to consider those charges and their underlying conduct in determining the appropriate sentence.

{¶ 18} Finally, we reject Lanning's argument that the state "admitted" at sentencing that he was not involved with the conduct underlying the dismissed charges. Our review of the record reveals that the state never conceded Lanning's innocence to any of the dismissed charges. At his change of plea hearing, Lanning stated he was not involved in the second night of burglaries which occurred on March 26, 2018. The state did not respond to Lanning's assertion at that time. At the sentencing hearing, Lanning again stated he was not involved in the events that occurred on March 26, 2018. The state responded that it "understand[s] Mr. Lanning *indicates* that he was not involved in all of [the burglaries] but they were all done within a relatively short time." The state's acknowledgement of Lanning's claim of innocence is far from an "admission" that Lanning was innocent of the dismissed charges. We note that the state did, however, agree that Lanning did not kick in the door of any residence with a gun drawn as his associates had done—which leads to the inescapable conclusion that such conduct was *not* considered by the trial court when fashioning its sentence.

9.

{¶ 19} In sum, the trial court's judgment reflects its consideration of the factors listed in R.C. 2929.12 in determining Lanning's sentence. Lanning has failed to identify any evidence which shows that the trial court incorrectly applied R.C. 2929.12 by considering the charges dismissed pursuant to his plea agreement. As a result, Lanning's sentence is not contrary to law and his assignment of error is found not well-taken.

### III. Conclusion

{¶ 20} We find appellant's assignment of error not well-taken. We therefore affirm the judgment of the Ottawa County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

Christine E. Mayle, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.