[Cite as *State v. Wallace*, 2020-Ohio-3494.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-19-041

    Appellee                                 Trial Court No. 19 CR 233

v.

Joseph Loyd Wallace                        **DECISION AND JUDGMENT**

    Appellant                                Decided:  June 26, 2020

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney,
for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**ZMUDA, P.J.**

{¶ 1} Appellant, Joseph L. Wallace, appeals the August 29, 2019 judgment of the Sandusky County Court of Common Pleas sentencing him to 18 months in prison following his conviction for receiving stolen property in violation of R.C. 2913.51(A). For the reasons that follow, we affirm the trial court's judgment.

## I. Background

{¶ 2} On April 4, 2019, Joseph L. Wallace was indicted on one count of grand theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree, and one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree. The charges arose from the theft of a truck from a dealership in Clyde, Ohio. Appellant was arraigned on May 8, 2019. Appellant entered a not guilty plea to both charges and was appointed counsel. Appellant was released on a personal recognizance bond pursuant to R.C. 2937.29.

{¶ 3} Appellant again appeared before the trial court on June 26, 2019, for a change of plea hearing. Pursuant to a plea agreement, appellant agreed to enter a guilty plea to Count 2, receiving stolen property, in exchange for the state moving to dismiss the grand theft charge. The trial court granted the state's motion and appellant entered a guilty plea to Count 2 as agreed. The trial court accepted appellant's plea and ordered appellant to participate in a presentence investigation with a sentencing hearing set for August 29, 2019.

{¶ 4} At sentencing, appellant acknowledged that he had reviewed the presentence investigation report. Appellant did not object to any of the contents of the report. Appellant told the trial court that his current and past crimes were the result of his continued drug abuse. He requested that the trial court impose a sentence which would permit him to seek treatment for drug addiction. The trial court then reviewed appellant's criminal history. In doing so, the trial court noted that while appellant had been charged

2.

with a crime more than 85 times, most, but not all, of those charges were subsequently dismissed. The trial court also described the sophisticated nature of the conduct underlying the present conviction which involved changing the vehicle's ignition and its decorative model number badges after it was stolen to make it easier to sell. The trial court then noted its obligation to protect the public from future crimes by appellant and imposed a prison term of 18 months, the maximum term for appellant's conviction.

{¶ 5} The trial court memorialized appellant's sentence in its August 29, 2019 judgment entry. On September 20, 2019, appellant timely filed his notice of appeal along with a motion for the appointment of appellate counsel. The trial court granted appellant's motion the same day. Appellant asserts the following error for our review:

> The Trial Court's sentence of Joseph Loyd Wallace is excessive and violates the law insofar as the Trial Court penalized Appellant in part due to being addicted to drugs and for having been previously prosecuted for crimes which were dismissed.

## II. Law and Analysis

{¶ 6} Appellant's assignment of error alleges the trial court's imposition of an 18-month prison term was "excessive." Specifically, appellant argues that the trial court failed to impose the minimum sentence necessary to accomplish the overriding purposes of felony sentencing, as described in R.C. 2929.11, and considered seriousness and recidivism factors beyond those set forth in R.C. 2929.12 to determine appellant's sentence. We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th

3.

Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a judgment only if we clearly and convincingly find either of the following: "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 7, citing R.C. 2953.08(G)(2). Because appellant argues that the trial court's judgment was contrary to law it is, therefore, subject to our review under R.C. 2953.08(G)(2)(b).

{¶ 7} When determining the appropriate sentence, a trial court is required to consider the purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors identified in R.C. 2929.12. The trial court did not explicitly reference R.C. 2929.11 or 2929.12 at appellant's sentencing hearing or in its judgment entry. We note, however, that the trial court is "not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender. Indeed, no specific recitation is required." *State v. Brimacombe*, 195 Ohio App.3d 524, 528, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Even when the record is silent as to the trial court's consideration of these factors, "it is presumed that the trial court gave proper consideration to R.C. 2929.11 and 2929.12[.]" *Yeager* at ¶ 13, citing *State v. Sims*, 6th Dist. Sandusky No. S-13-037, 2014-Ohio-3515, ¶ 10. The burden is on appellant to rebut

4.

this presumption.  *Yeager* at ¶ 13, citing *State v. Smith*, 6th Dist. Sandusky No. S-14-037, 2015-Ohio-1867, ¶ 11.  As noted in the statute, appellant must identify clear and convincing evidence to rebut the presumption.  *See Yeager* at ¶ 13, *State v. Williams*, 6th Dist. Lucas No. L-13-1083, 2014-Ohio-3624, ¶ 16; R.C. 2953.08(G)(2).

{¶ 8} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22.  Appellant argues the trial court's reference to his previously dismissed charges and his drug abuse at sentencing constitutes clear and convincing evidence that the trial court erred in imposing sentence.  We disagree.

{¶ 9} Appellant is correct that trial courts, when determining an appropriate sentence, are not authorized to consider previously dismissed charges which are not part of a plea bargain in the case at issue.  *State v. Lewis*, 6th Dist. Wood No. WD-14-082, 2015-Ohio-4629, ¶ 7.  The trial court is permitted, however, to consider appellant's history of criminal convictions pursuant to R.C. 2929.12(D)(2).  Appellant does not argue that he had no prior convictions which the trial court could consider, but merely that the trial court also improperly considered past charges that did not result in a conviction.  The record reveals that the trial court distinguished between appellant's convictions and his dismissed charges when reviewing the presentencing report.  This clarification shows that

5.

appellant indeed had a history of criminal convictions, of which the trial court was aware, and which were properly considered as a factor more likely to indicate recidivism under R.C. 2929.12. Additionally, the trial court determined that a prison term was necessary to protect the public from future crime by appellant based on the sophistication of appellant's conduct—changing the stolen vehicle's ignition and model number badges so that it could be resold. That conduct reflects a criminogenic mentality which supports the trial court's conclusion that a prison term is necessary to protect the public from future crime by appellant in accordance with R.C. 2929.11(A). We find that the trial court's passing reference to the dismissed charges is not sufficient to establish a firm belief that the trial court based its sentence on those charges. Therefore, appellant fails to identify clear and convincing evidence to show that the trial court improperly based his sentence on these dismissed charges, particularly in light of our presumption that the trial court properly considered the necessary statutory factors. *Yeager* at ¶ 13.

{¶ 10} Appellant also alleges that the trial court improperly considered his admitted drug abuse when determining his sentence. At the sentencing hearing, appellant acknowledged that the underlying charge was related to his drug use. Further, the trial court noted that appellant had previous opportunities to seek treatment for his drug use, but failed to do so. R.C. 2929.12(D)(4) specifically authorizes a trial court determining an offender's felony sentence to consider whether that offender has "demonstrated a pattern of drug or alcohol abuse that is related to the offense, and * * * the offender refuses treatment for the drug or alcohol abuse." Appellant's admitted drug use and

6.

failure to resolve his substance abuse issues despite having had the opportunity to do so directly reflects the sentencing factor identified in R.C. 2929.12(D)(4). Clearly, the trial court did not err in considering a factor at sentencing that is specifically authorized by statute.

{¶ 11} We presume the trial court properly considered the purposes of felony sentencing and the seriousness and recidivism factors as required under R.C. 2929.11 and 2929.12. *Yeager* at ¶ 13. Appellant has failed to cite any evidence in the record which clearly and convincingly rebuts this presumption. As a result, appellant's sentence is not contrary to law and his assignment of error is not well-taken.

### III. Conclusion

{¶ 12} We find appellant's assignment of error not well-taken. We therefore affirm the August 29, 2019 judgment of the Sandusky County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.              _____
                                                             JUDGE

Thomas J. Osowik, J.

                                                          _____

Gene A. Zmuda, P.J.                                JUDGE
CONCUR.

                                                          _____
                                                             JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.