[Cite as *State v. Craft*, 2020-Ohio-4494.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                                     Court of Appeals No. E-19-029

     Appellee                                               Trial Court No. 2018-CR-304

v.

Michael Craft                                              **DECISION AND JUDGMENT**

     Appellant                                             Decided:  September 18, 2020

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Brian J. Darling, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Michael Craft, appeals the judgment of the Erie County Court of

Common Pleas, following a guilty plea, convicting him of one count of breaking and

entering in violation of R.C. 2911.13(A) and (C), one count of breaking and entering in

violation of R.C. 2911.13(B) and (C), both felonies of the fifth degree, and one count of

burglary in violation of R.C. 2911.12(A)(3) and (D), a felony of the third degree. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On June 13, 2018, the Erie County Grand Jury returned a seven-count indictment charging appellant with one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) and (B)(1), a felony of the first degree, one count of attempted burglary in violation of R.C. 2911.12(A)(3) and (D), a felony of the fourth degree, one count of breaking and entering in violation of R.C. 2911.13(A) and (C), a felony of the fifth degree, one count of breaking and entering in violation of R.C. 2911.13(B) and (C), a felony of the fifth degree, one count of burglary in violation of R.C. 2911.12(A)(3) and (D) along with a firearm specification under R.C. 2941.141(A), a felony of the third degree, one count of theft in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree, and one count of grand theft of a firearm or dangerous ordnance in violation of R.C. 2913.02(A)(1) and (B)(4), a felony of the third degree. The charges all stemmed from what the trial court determined was a "course of conduct" spanning 11 years and involving crimes committed in Erie, Wayne, Huron, Richland, Fairfield, and Medina Counties.

{¶ 3} On April 19, 2019, following a number of pretrial motions, appellant agreed to plead guilty to the two counts of breaking and entering, and the count of burglary with

2.

a firearm specification. Relevant here, the two counts of breaking and entering were committed in Huron County on December 11, 2015, and June 28, 2016, respectively.[1]

{¶ 4} Sentencing was held on April 22, 2019. Upon the request of appellant, the trial court considered an August 2017 presentence investigation report that was generated for separate cases that appellant had in Huron County on charges of attempted burglary and receiving stolen property. That presentence report indicated that appellant was being investigated for the December 11, 2015, and June 28, 2016 crimes of breaking and entering, which appellant later pleaded guilty to in Erie County in the present case. Appellant argued at the sentencing hearing that because the Huron County Court of Common Pleas considered the as-of-then uncharged crimes of breaking and entering when it sentenced appellant in 2017, the trial court could not now punish appellant for the crimes of breaking and entering without violating the Double Jeopardy Clause. The trial court ultimately disagreed and ordered appellant to serve 12 months in prison on each count of breaking and entering, as well as three years in prison on the count of burglary, and one year in prison on the firearm specification. The court then ordered all the sentences to be served consecutively to one another for a total prison term of six years,

---

[1] In the trial court, appellant moved to dismiss the two counts of breaking and entering for lack of venue/jurisdiction. On April 19, 2019, the trial court denied appellant's motion, finding that the counts were part of a course of criminal conduct that included crimes committed in Erie County, thus making Erie County a proper venue pursuant to R.C. 2901.12(H). By pleading guilty, appellant waived any further arguments concerning venue, and that issue is not before us on appeal.

and further ordered the sentences to be served consecutively to the sentences out of Huron County.

4.

## II. Assignment of Error

{¶ 5} Appellant has timely appealed his judgment of conviction, and now asserts one assignment of error for our review:

> 1. The trial court erred when it failed to find a double jeopardy violation and proceeded to issue successive punishment on Mr. Craft.

## III. Analysis

{¶ 6} We review the imposition of a felony sentence in accordance with R.C. 2953.08. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16. Relevant here, R.C. 2953.08(G)(2)(b) provides that an appellate court may increase, reduce, or otherwise modify a sentence if it clearly and convincingly finds "[t]hat the sentence is otherwise contrary to law."

{¶ 7} Appellant argues that his sentence is contrary to law in that it violates the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Likewise, Article I, Section 10 of the Ohio Constitution provides "No person shall be twice put in jeopardy for the same offense." "The Double Jeopardy Clause protects against three abuses: (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'" *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

5.

**{¶ 8}** In this case, although appellant's argument implicates the protection against multiple punishments, it does not raise the traditional concepts of merger and allied offenses of similar import. Rather, appellant argues that because the Huron County Court of Common Pleas considered the factual circumstances of his two counts of breaking and entering when it sentenced appellant in 2017 on his convictions for attempted burglary and receiving stolen property, the Erie County Court of Common Pleas was prohibited from sentencing appellant on the counts of breaking and entering. Appellant contends that the Huron County Court of Common Pleas' consideration of his conduct, and the trial court's imposition of 12-month prison sentences on the two counts of breaking and entering constitutes multiple punishments for the same offense.

**{¶ 9}** The issue in this case is whether the Huron County trial court's consideration of the factual circumstances of appellant's conduct that later became the basis for the breaking and entering charges constitutes "punishment" for that conduct. We hold that it does not.

**{¶ 10}** Importantly, appellant was not charged in Huron County for the breaking and entering offenses. Thus, when Huron County considered those as-of-then uncharged offenses, it did so in the context of determining an appropriate punishment for appellant's convictions for attempted burglary and receiving stolen property. Such consideration is consistent with "well-established case law that uncharged crimes and charges dismissed pursuant to plea agreements may be considered at sentencing." *State v. Lanning*, 6th Dist. Ottawa No. OT-19-024, 2020-Ohio-2863, ¶ 17; *State v. Hanson*, 6th Dist. Lucas

6.

No. L-01-1217, 2002 WL 471677 (Mar. 22, 2002) (consideration of uncharged crimes was not improper in trial court's application of R.C. 2929.11 and 2929.12).

{¶ 11} "[W]hen a sentencing judge, under a guidelines regime or a discretionary sentencing system, increases a sentence based on the defendant's criminal history—100% of the punishment is for the offense of conviction." *U.S. v. Rodriquez*, 553 U.S. 377, 386, 128 S.Ct. 1783, 170 L.Ed.2d 719 (2008); *State v. Adkins*, 129 Ohio St.3d 287, 2011-Ohio-3141, 951 N.E.2d 766, ¶ 15. Therefore, although the Huron County Court of Common Pleas may have imposed a harsher sentence because of appellant's uncharged conduct, the sentence imposed by that court punished appellant for the offenses of attempted burglary and receiving stolen property; appellant was not punished for the breaking and entering offenses. Consequently, the Double Jeopardy Clause was not violated because the trial court's 12-month prison sentences on the counts of breaking and entering constituted the first and only punishments that appellant has received for those offenses.

{¶ 12} Accordingly, appellant's assignment of error is not well-taken.

## IV. Conclusion

{¶ 13} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

Arlene Singer, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

8.