OPINION *Page 2 
{¶ 1} Appellant Thomas Sacco appeals his conviction and sentence imposed by the Stark County Common Pleas Court. Appellant argues he was denied the effective assistance of counsel and that the trial court failed to hold a competency hearing.
 {¶ 2} In September 2006, appellant and co-defendant, Pamela Bourne, were stopped for a traffic violation and subsequently found to have 1006.9 grams of crack cocaine in their vehicle. Bill of Particulars, filed December 1, 2006. The Canton Police Department Vice Unit and the FBI were conducting surveillance on appellant. During the surveillance, authorities observed appellant engaging in other felony drug transactions.
 {¶ 3} The Stark County Grand Jury indicted appellant on one count of trafficking in cocaine with a major drug offender specification in violation of R.C. 2925.03(A)(2) and (C)(4), a first degree felony, and one count of possession of cocaine with a major drug offender specification in violation of R.C. 2925.11(A) and (C)(4)(f), a first degree felony.
 {¶ 4} At arraignment, appellant pled not guilty. In February of 2006, appellant entered an additional plea of not guilty by reason of insanity. On February 16, 2006, the trial court ordered appellant to be examined by the Summit County Psycho-Diagnostic Clinic pursuant to R.C.2945.37. On February 26, 2007, the trial court sent a letter to the clinic canceling the examination based upon the fact that the appellant "[did] not intend to request a competency or sanity evaluation . . . " See, Letter from Judge Lioi dated February 26, 2007. *Page 3 
 {¶ 5} On March 6, 2007, the parties appeared before the trial court to discuss a negotiated plea bargain. The appellant indicated he understood the trafficking and possession offenses would merge for sentencing. Transcript of March 6, 2007, at 33. He further understood that there was a mandatory prison term of ten years, with an additional one to ten years for the specification, for a possible maximum sentence of twenty years. Id. The State offered to not pursue additional indictments for other drug transactions if the appellant plead to the indictment. T. at 13. Appellant entered into private discussions with his counsel and subsequently entered a plea of guilty. The trial court sentenced appellant to the mandatory minimum prison term of ten years, with an additional one year on the major drug offender specification, for a total eleven year prison sentence.
 {¶ 6} It is from this conviction and sentence that appellant appeals raising the following assignments of error:
 {¶ 7} "I. SACCO WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HE FAILED TO REQUEST THAT THE COURT DETERMINE HIS COMPETENCY."
 {¶ 8} "II. THE TRIAL COURT ERRED IN FAILING TO CONDUCT A COMPETENCY HEARING FOR SACCO WHEN HE RAISED THE ISSUE BEFORE THE TRIAL."
 I. and II. {¶ 9} Appellant first argues he was denied effective assistance of counsel because his trial counsel failed to request that the trial court determine his competency. *Page 4 
Appellant then argues that the trial court committed error in failing to conduct a competency hearing.
 {¶ 10} The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley (1989), 42 Ohio St .3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
 {¶ 11} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and violated of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. We apply the Strickland test to all claims of ineffective assistance of counsel, either trial counsel, or appellate counsel. State v. Godfrey (Sept. 2, 1999), Licking App. No. 97CA0155.
 {¶ 12} Appellant bears the burden of establishing there is a genuine issue as to whether he has a colorable claim of ineffective assistance of appellate counsel, see, e.g. State v. Spivey, 84 Ohio St.3d 24,1998-Ohio-704, 701 N.E.2d 696.
 {¶ 13} R.C. 2945.37 states in pertinent part:
 {¶ 14} "(B) In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's *Page 5 
competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion."
 {¶ 15} "(G) A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code."
 {¶ 16} The first issue is whether appellant's counsel was ineffective for failing to request a competency hearing. Counsel entered an additional Plea of Not Guilty by Reason on Insanity on February 1, 2007. Based upon this plea, the trial court ordered appellant to be examined by the Summit County Psycho-Diagnostic Clinic pursuant to R.C. 2945.37. Throughout the pendency of this case, the State and appellant's counsel were engaged in plea negotiations. T. at 3-4. Ultimately, appellant plead guilty and waived all appealable errors unless such errors can be shown to have precluded appellant from entering a knowing and voluntary plea. State v. Barnett (1991), 73 Ohio App.3d 244, 248, 596 N.E.2d 1101,1103, citing, State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658.
 {¶ 17} "[I]t is clear that a plea of guilty waives the right to claim that the accused was prejudiced by constitutionally ineffective assistance of counsel, except to the extent the defect complained of caused the plea to be less than knowing and voluntary." *Page 6 Barnett at 249. To fully analyze this and the second issue, we need to look at competency.
 {¶ 18} A defendant is competent to stand trial if the defendant " `has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' "and if the defendant" `has a rational as well as factual understanding of the proceedings against him.' ".State v. Spivey, 81 Ohio St.3d 405, 1998-Ohio-437, quoting, Dusky v.United States (1960), 362 U.S. 402, 80 S.Ct. 788, 789. Additionally, "[t]he right to a hearing on the issue of competency rises to the level of a constitutional guarantee where the record contains `sufficient indicia of incompetence,' such that an inquiry into the defendant's competency is necessary to ensure the defendant's right to a fair trial." State v. Berry (1995), 72 Ohio St.3d 354, 359, 650 N.E.2d 433,439. See also, State v. Were, 94 Ohio St.3d 173, 761 N.E.2d 591,2002-Ohio-481
 {¶ 19} Appellant argues that there were sufficient indicia of incompetence. We disagree. During the plea and sentencing hearing on March 6, 2007, the State put the plea agreement on the record. The State specifically noted that after the plea it would not pursue further indictments on the other transactions. T. at 8. The trial court inquired whether this was important to appellant and he replied affirmatively. T. at 11-13.
 {¶ 20} The trial court then began the Crim.R. 11(C) colloquy with appellant. During the colloquy, appellant asked several questions regarding the burden of proof, the major drug specification and the sentence. T. at 23-24, 26-27, 29-30. The trial court noted that appellant's questions were good. T. at 31, 32. Further, appellant took time to consult with his attorney off the record multiple times. T. at 11, 15, 17. These examples are indicia of competence. Because of this, we cannot find that appellant's *Page 7 
plea was anything less than knowing and voluntary. Accordingly, appellant's counsel was not ineffective. Appellant's first assignment of error is overruled.
 {¶ 21} Next, appellant argues that the trial court committed error in failing to conduct a competency hearing. We recognize the express language of the statute requires the trial court to hold a competency hearing, however, we have already noted that there were not sufficient indicia of incompetence to call into doubt appellant's competency to stand trial. "[I]t is clear that the failure to hold a mandatory competency hearing is harmless error where the record fails to reveal sufficient indicia of incompetence." State v. Bock (1986),28 Ohio St.3d 108, 502 N.E.2d 1016, citing, Drope v. Missouri (1975), 420 U.S. 162,180, 95 S.Ct. 896, 908. Since there were not sufficient indicia of incompetence, the trial court's failure to hold a hearing was harmless error. Appellant's second assignment of error is overruled.
 {¶ 22} The judgment of the Stark County Court of Common Pleas is affirmed.
 Delaney, J. Hoffman, P.J. and Edwards, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1