[Cite as *State v. Goodluck*, 2017-Ohio-778.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-16-1027

    Appellee                                      Trial Court No. CR0201401765

v.

Shawn Goodluck                                **DECISION AND JUDGMENT**

    Appellant                                    Decided:  March 3, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Charles R. McDonald, Assistant Prosecuting Attorney, for appellee.

Julie Jacek Bookmiller, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** Appellant, Shawn Goodluck, appeals the judgment of the Lucas County

Court of Common Pleas, sentencing him to a maximum prison term following his *Alford*

plea of guilty to one count of theft from an elderly person.  For the reasons that follow,

we affirm.

## I. Facts and Procedural Background

{¶ 2} On May 8, 2014, the Lucas County Grand Jury indicted appellant on one count of theft from an elderly person in violation of R.C. 2913.02(A)(3) and (B)(3), a felony of the second degree, and one count of burglary in violation of R.C. 2911.12(A)(1) and (D), a felony of the second degree. In a separate case,[1] appellant was also facing a charge of obstructing justice, a felony of the third degree.

{¶ 3} On July 24, 2014, appellant entered an *Alford* plea of guilty to the count of theft from an elderly person. In exchange, the state agreed to dismiss the burglary and obstructing justice charges. The matter proceeded to a sentencing hearing on October 14, 2014.

{¶ 4} During the sentencing hearing, the trial court heard statements in mitigation from appellant and his counsel. Thereafter, the court noted that it considered the principles and purposes of sentencing under R.C. 2929.11, the serious and recidivism factors under R.C. 2929.12, as well as additional guidelines under R.C. 2929.13. The court then recited appellant's lengthy criminal history beginning in 1992 that consists of being adjudicated delinquent of five misdemeanors, and being convicted as an adult of seven previous felonies and 12 misdemeanors. During the court's recitation, the court paused to state,

> THE COURT: * * * And in 2006, surprise, a misdemeanor OR
>
> bond violation. And I am troubled that the State of Ohio is not proceeding

---

[1] Case No. CR0201401910.

to the grand jury inquiring whether they should indict him for the OR bond violation in the other case involving -- I can't remember what the charge -- it might be obstructing.

> [THE PROSECUTOR]: Obstruction, judge.

> THE COURT: His very statement he made in this courtroom, and nothing is being done about that OR bond violation. This is such a serious offense.

Following that, the court described appellant's conduct in the present matter that consisted of him defrauding an approximately 90-year-old widow, stealing at least $150,000 from her, and spending the money on a gambling and suspected drug habit.

{¶ 5} The court found that under the circumstances appellant committed the worst form of the offense and that the harm done was so great and unusual that a maximum sentence was warranted. Therefore, the trial court sentenced appellant to a prison term of eight years, and ordered appellant to pay $150,000 in restitution.

{¶ 6} On October 15, 2014, the trial court entered its judgment memorializing the conviction and sentence.

## II. Assignment of Error

{¶ 7} On April 26, 2016, we granted appellant's motion for a delayed appeal, and appellant now asserts one assignment of error for our review:

> 1. The Trial Court's sentence was contrary to law.

3.

## III. Analysis

**{¶ 8}** We review a felony sentence under the two-pronged approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

Notably, "The appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2).

**{¶ 9}** Here, the findings under R.C. 2953.08(G)(2)(a) are not at issue. Thus, we must determine if the sentence is otherwise contrary to law. In *Tammerine*, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish* held that where the trial court expressly stated that it considered the purposes and principles of sentencing in R.C. 2929.11 as well as the factors listed in R.C. 2929.12, properly applied postrelease

4.

control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 10} In his brief, appellant argues that the trial court improperly considered the potential charge for the OR bond violation as there is no provision under R.C. 2929.12 that permits the weighing of potential charges at the time of sentencing. Further, appellant argues that the trial court gave significant weight to the uncharged OR bond violation as evidenced by the court having mentioned it three separate times during sentencing.

{¶ 11} We find appellant's argument to be without merit. "A court may consider a defendant's unindicted acts or not guilty verdicts in sentencing without resulting in error when they are not the sole basis for the sentence." *State v. Strong*, 6th Dist. Wood No. WD-08-009, 2009-Ohio-1528, ¶ 57, quoting *State v. Hruby*, 6th Dist. Ottawa No. OT-04-026, 2005-Ohio-3863, ¶ 77. Here, appellant's sentence was not clearly based entirely on the uncharged OR bond violation. Rather, the court took into consideration appellant's lengthy criminal history and his conduct in taking a large sum of money over several installments from an elderly and vulnerable victim. Therefore, we hold that the trial court's imposition of the maximum prison sentence is not contrary to law.

{¶ 12} Accordingly, appellant's assignment of error is not well-taken.

5.

## IV. Conclusion

{¶ 13} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                _____

JUDGE

Arlene Singer, J.

_____

James D. Jensen, P.J.                                  JUDGE

CONCUR.

_____

JUDGE

6.