[Cite as *State v. Griffin*, 2021-Ohio-3137.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                      Court of Appeals No.  WD-20-081

    Appellee                                Trial Court No.  2019CR0428

v.

James Griffin                                      **DECISION AND JUDGMENT**

    Appellant                               Decided:  September 10, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, James Griffin, appeals the October 26, 2020 judgment

of the Wood County Court of Common Pleas, convicting him of abduction, felonious

assault, obstructing official business, and attempted rape, and sentencing him to an aggregate term of 17 years in prison, five years' post-release control, the costs of prosecution, and the cost of obtaining a presentence evaluation. For the following reasons, we affirm the trial court judgment.

## I.      Background

{¶ 2} James Griffin was charged in a 12-count indictment with the following crimes: (1) two counts of rape, violations of R.C. 2907.02(A)(2) and (B), first-degree felonies (Counts 1 and 11); (2) three counts of felonious assault, violations of R.C. 2903.11(A)(1) and (D)(1)(a), second-degree felonies (Counts 2, 7, and 12); (3) two counts of abduction, violations of R.C. 2905.02(A)(2) and (C), third-degree felonies (Counts 3 and 8); (4) two counts of disrupting public services, violations of R.C. 2909.01(A)(1) and (C), fourth-degree felonies (Counts 4 and 9); (5) two counts of criminal damaging or endangering, violations of R.C. 2909.06(A)(1) and (B), second-degree misdemeanors (Counts 5 and 6); and (6) obstructing official business, a violation of R.C. 2921.31(A) and (B), a second-degree misdemeanor (Count 10). Counts 1 to 6 arose from the November 29, 2017 attack of Victim No. 1; Counts 7 to 10 arose from the January 20, 2019 attack of Victim No. 2; Counts 11 and 12 arose from the March 2, 2019 attack of Victim No. 3.

{¶ 3} On September 11, 2020, Griffin entered a plea of guilty to Count 3, abduction; Count 7, felonious assault; Count 10, obstructing official business; and amended Count 11, attempted rape, a violation of R.C. 2923.02 and 2907.02(A)(2) and

2.

(B), a second-degree felony. The trial court made a finding of guilty, dismissed the remaining counts, ordered a presentence investigation, and continued the matter for sentencing.

{¶ 4} Sentencing took place on October 23, 2020. Griffin was classified a Tier III sexual offender. The court imposed a term of imprisonment of 36 months on Count 3, seven years on Count 7, 90 days on Count 10, and seven years on Count 11. It ordered Griffin to serve the sentences imposed on Counts 3, 7, and 11 consecutively to one another; it ordered him to serve the sentence imposed on Count 10 concurrently with the sentences imposed on Counts 3, 7, and 11. The court imposed a mandatory term of five years' postrelease control. It also ordered Griffin to pay the costs of prosecution and "assessed as costs" fees from Court Diagnostic and Treatment Center for a presentence evaluation; those fees totaled $1,021.

{¶ 5} Griffin appealed. He assigns the following errors for our review:

Assignment of Error No. 1:

Trial Counsel rendered ineffective assistance of counsel by allowing Appellant to enter a plea following five (5) hours of negotiations at the Courthouse.

Assignment of Error No. 2:

The Trial Court committed plain error by allowing, and then relying upon, non-indicted, alleged behavior in justifying its extremely lengthy prison sentence, and Appellant received ineffective assistance of counsel

3.

because Trial Counsel failed to object to the victim's impact statement detailing non-indicted, alleged behavior and failed to object when the Trial Court used those inadmissible statements to justify the extremely long prison sentence.

Assignment of Error No. 3:

The Trial Court failed to follow the principles and purposes of sentencing.

Assignment of Error No. 4:

The Trial Court abused its discretion by assigning Appellant the cost of the presentence evaluation from Court Diagnostics and Treatment Center and "all costs of prosecution" without first inquiring as to his ability to pay.

## II.     Law and Analysis

{¶ 6} Griffin argues in his first assignment of error that trial counsel was ineffective for allowing him to enter a plea after five hours of negotiations at the courthouse. He argues in his second assignment of error that the trial court erred by relying on unindicted conduct described in the victim impact statements as support in fashioning Griffin's prison sentence, and trial counsel was ineffective for failing to object. In his third assignment of error, Griffin argues that the trial court failed to follow the purposes and principles of sentencing in imposing Griffin's sentence. And in his fourth assignment of error, he argues that the trial court erred in imposing the costs of

4.

prosecution and the cost of obtaining a presentence evaluation without first considering whether Griffin is able to pay.

{¶ 7} We address each of these assignments in turn.

## A. Ineffective Assistance of Counsel

{¶ 8} In his first assignment of error, Griffin argues that trial counsel rendered ineffective assistance by allowing him to enter a plea after participating in five hours of plea negotiations. He claims that he arrived at the courthouse prepared only for a pretrial, but was "rushed into a plea, after several hours of sitting at the Courthouse while the lawyers talked around him." Griffin maintains that it is clear from the record that he did not have a "thorough understanding of what was to occur during the plea hearing," as evidenced by the questions he asked the trial court and the fact that he and his attorney engaged in off-the-record discussions during the plea colloquy. He requests that his conviction be vacated and the matter remanded to the trial court for further proceedings.

{¶ 9} The state responds that Griffin stated during the plea colloquy that he understood the strictures of the guilty plea and was satisfied with counsel's representation. It explains that plea negotiations lasted over a year, Griffin ultimately entered a plea to only four of 12 counts including *no* first-degree felonies, and his plea substantially reduced the length of his potential prison sentence.

{¶ 10} In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just

5.

result.  *State v. Shuttlesworth*, 104 Ohio App.3d 281, 287, 661 N.E.2d 817 (7th Dist.1995).  To establish ineffective assistance of counsel, an appellant must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different."  *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *State v. Sanders*, 94 Ohio St.3d 150, 151, 761 N.E.2d 18 (2002).

{¶ 11} "Because a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." (Citations omitted.)  *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10.  "[T]he issue of whether a defendant's plea has been entered knowingly and voluntarily is a threshold inquiry into the constitutional viability of counsel's assistance in a defendant's guilty plea."  *State v. Kiss*, 6th Dist. Lucas No. L-08-1379, 2010-Ohio-940, ¶ 10.

{¶ 12} Crim.R. 11(C) sets forth the procedure that a trial court must follow before accepting a plea of guilty to a felony charge.  *State v. Brinkman*, Slip Opinion No. 2021-Ohio-2473, ¶ 11.  It requires the court to explain—and ensure that the defendant understands—the nature of the charges, the maximum penalties involved, the effect of his plea, and the constitutional rights he is waiving by entering a plea.  Crim.R. 11(C).

6.

{¶ 13} Griffin does not argue that the trial court failed to make any of the required advisements under Crim.R. 11(C). Indeed, all these things were explained to Griffin at the plea hearing, and he acknowledged his understanding. Rather, he complains that he entered his plea after prolonged negotiations, was rushed into a plea, and still had questions even after the lengthy negotiations.

{¶ 14} The fact that questions arise during a plea colloquy does not mean that the defendant was not adequately counseled before entering his plea. *See State v. Sacco*, 5th Dist. Stark No. 2007CA0096, 2008-Ohio-637, ¶ 20 (finding that plea was rendered knowingly and voluntarily even though appellant asked several questions and consulted with his attorney off the record multiple times). And here, Griffin had very few questions, they were answered by the trial court or by counsel, and Griffin expressed his understanding of the advisements after his questions were answered. Griffin also responded affirmatively when the court asked him if he was satisfied with the advice and counsel of his attorney. In fact, at a December 20, 2019 hearing, Griffin told the court: "[Defense counsel] is amazing, I recommend him to everybody. He's very good at explaining things very thoroughly * * *."

{¶ 15} As for the length of the plea negotiations, Griffin argues, on one hand, that he was "rushed" into a plea, yet complains, on the other hand, about the length of the five-hour plea negotiations. First, five hours of negotiations does not strike this court as being an excessive amount of time; it's less than an average workday. Additionally, the record demonstrates that negotiations actually spanned several months (starting as early

7.

as November 2019), and the plea agreement was finally reached the Friday before trial. Nowhere in the record did Griffin voice that he needed additional time to consider his options or that he had been worn down by the length of negotiations. We conclude, therefore, that trial counsel was not ineffective in allowing Griffin to enter a guilty plea. *See State v. Aponte*, 10th Dist. Franklin No. 99AP-695, 2000 WL 256195, *3 (Mar. 9, 2000) ("Given the extensive negotiations leading to appellant's pleas, his attorney's statements of lengthy conversations with his client, and appellant's failure to claim he did not understand the charges, appellant has failed to show his counsel was ineffective or that he was prejudiced.").

We find Griffin's first assignment of error not well-taken.

### B. Reliance on Unindicted Conduct

{¶ 16} In his second assignment of error, Griffin argues that the trial court improperly relied on unindicted bad acts in fashioning his prison sentence, and his attorney was ineffective in failing to object to the victim impact statements that detailed that conduct. Griffin argues that this was plain error requiring reversal of his conviction.

{¶ 17} The state denies that the length of Griffin's sentence was the result of the trial court's consideration of unindicted conduct. In any event, it points out, this court has recognized that a sentencing court may consider dismissed charges in sentencing an offender unless the plea agreement provides otherwise.

{¶ 18} After listening to the victim impact statements, listening to Griffin's statement, and reviewing Griffin's PSI, the trial court was struck by Griffin's conduct in

8.

attempting to strangle two of his victims, the fact that Griffin's offenses were facilitated by his relationships with the victims, the physical and psychological harm to the victims, Griffin's lack of empathy, and Griffin's focus on the harm that he had inflicted on *himself* by committing the offenses. But the court also commented that "November of 2017 wasn't the first time [Griffin] had a situation where [he] had strangled somebody. [He] had another situation at another place that was never charged."

{¶ 19} In *State v. Lanning*, 6th Dist. Ottawa No. OT-19-024, 2020-Ohio-2863, ¶ 17, we acknowledged that "uncharged crimes and charges dismissed pursuant to plea agreements may be considered at sentencing." *See State v. Skaggs,* 4th Dist. Gallia No. 16CA19, 2017-Ohio-7368, ¶ 15 (additional citations omitted) (uncharged crimes are part of the defendant's social history and may be considered); *State v. France*, 5th Dist. Richland No. 15CA19, 2015-Ohio-4930, ¶ 20 ("Ohio Courts have continually held uncharged crimes and dismissed charges pursuant to plea agreements may be considered by courts as factors during sentencing"). So long as they are not the sole basis for the sentence, a court may consider a defendant's unindicted acts. *State v. Goodluck*, 6th Dist. Lucas No. L-16-1027, 2017-Ohio-778, ¶ 11.

{¶ 20} Here, the trial court did not impose its sentence based solely on Griffin's unindicted conduct. The prior attempted strangulation was but one of many factors that the trial court considered in fashioning Griffin's sentence. The trial court did not err, therefore, in taking into account uncharged conduct, and trial counsel was not ineffective for failing to object.

9.

{¶ 21} Accordingly, we find Griffin's second assignment of error not well-taken.

## C. Principles and Purposes of Sentencing

{¶ 22} In his third assignment of error, Griffin argues that the trial court failed to consider all the mitigating factors when it imposed his prison sentence. Specifically, he insists that his expressions of remorse warranted a more lenient sentence.

{¶ 23} The state responds that the trial court considered the principles and purposes of sentencing and explained the rationale for the sentence it imposed. It emphasizes that an appellate court is not authorized to independently weigh the evidence and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.

{¶ 24} We review a challenge to a felony sentence under R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 25} Griffin does not complain that his sentence violated R.C. 2953.08(G)(2)(a). This leaves R.C. 2953.08(G)(2)(b) as the only basis for challenging his sentence. In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15, we recognized that a sentence is not clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b) where the trial court has considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily-permissible range.

{¶ 26} Importantly, however, the Ohio Supreme Court has made clear that "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20. In fact, the trial court's consideration of the factors set forth in R.C. 2929.11 and 2929.12 is presumed even on a silent record. *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1; *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94, 95 (1992). An appellate court may not independently weigh the evidence and substitute its judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, nor may it modify or vacate a sentence under R.C. 2953.08(G)(2)(b) based on the lack of support in the record for the trial court's findings under those statutes. *Jones* at ¶ 39, 41-42.

{¶ 27} Here, the judgment entry and the transcript of the sentencing hearing make clear that the court considered the purposes and principles of sentencing listed in

11.

R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and imposed a prison sentence within the statutorily-permissible range. The sentence is not clearly and convincingly contrary to law.

{¶ 28} We find Griffin's third assignment of error not well-taken.

**D. Costs**

{¶ 29} The trial court informed Griffin at the sentencing hearing that it was holding him responsible for "costs." The judgment entry more particularly specifies that the trial court was imposing (1) the "costs of prosecution," and (2) "fees from Court Diagnostic and Treatment Center for a presentence evaluation in the amount of One Thousand Twenty One Dollars and 00/100 ($1,021.00)," which "shall be assessed as costs to this case." In his fourth assignment of error, Griffin argues that the trial court erred in ordering him to pay these costs. He maintains that what constitutes "costs of prosecution" is vague, there was no inquiry into his ability to pay, and the cost incurred in obtaining a presentence investigation report is not a "cost of prosecution."

{¶ 30} The state responds that R.C. 2947.23 requires the trial court to impose the costs of prosecution and does not require it to consider the defendant's ability to pay. It maintains that although "court costs" and the "costs of prosecution" arise out of the same statute—R.C. 2947.23—the fees for obtaining the presentence investigation report are a "court cost," not a "cost of prosecution." It insists that like costs of prosecution, court costs may be imposed without regard to the defendant's ability to pay.

12.

**{¶ 31}** Our standard of review on this issue is whether the imposition of costs was contrary to law. R.C. 2953.08(A)(4) and (G)(2)(b); *State v. Farless*, 6th Dist. Lucas Nos. L-15-1060 and L-15-1061, 2016-Ohio-1571, ¶ 4, citing *State v. Collins*, 12th Dist. Warren No. CA2014-11-135, 2015-Ohio-3710, 41 N.E.3d 899, ¶ 30 ("An appellate court may not modify a financial sanction unless it finds by clear and convincing evidence that it is not supported by the record or is contrary to law.").

**{¶ 32}** It is well-established that under R.C. 2947.23(A)(1)(a), the trial court shall render a judgment for the costs of prosecution, and the court need not consider whether the defendant has the ability to pay such costs. *State v. Rohda*, 6th Dist. Fulton No. F-06-007, 2006-Ohio-6291, ¶ 13. We, therefore, find no error in the imposition of the costs of prosecution.[1]

**{¶ 33}** As for the "presentence investigation report," the evaluation referred to by the court in the October 26, 2020 judgment is not the PSI that was prepared by the probation department following Griffin's plea. Rather, it is a July 1, 2019 evaluation ordered by the court on May 22, 2019, under R.C. 2951.03 and prepared by a clinical psychologist.

**{¶ 34}** Under R.C. 2947.06(B), "[t]he court may appoint not more than two psychologists or psychiatrists to make any reports concerning the defendant that the court

---

[1] Griffin professes to be confused over whether "costs of prosecution" include "costs of confinement and/or supervision and/or assigned counsel." These costs are treated separately from "costs of prosecution" under the Revised Code. *See* R.C. 2929.18(A)(5) and 2941.51. Nothing in either the trial court judgment or the transcript of the sentencing hearing suggests that these costs were imposed.

13.

requires for the purpose of determining the disposition of the case," and "[e]ach psychologist or psychiatrist shall receive a fee to be fixed by the court *and taxed in the costs of the case*." (Emphasis added.)

{¶ 35} We recognized in *State v. Lincoln*, 6th Dist. Lucas No. L-15-1080, 2016-Ohio-1274, ¶ 11, that "[c]osts of prosecution mean court costs in a criminal case * * *." A court may tax as costs expenses that are "'directly related to the court proceedings and are identified by a specific statutory authorization.'" *State v. Nicholas*, 2020-Ohio-3478, 155 N.E.3d 304, ¶ 170 (2d Dist.), *appeal allowed*, 161 Ohio St.3d 1439, 2021-Ohio-375, 162 N.E.3d 822, quoting *State v. Christy*, 3d Dist. Wyandot No. 16-04-04, 2004-Ohio-6963, ¶ 22. Examples of expenses expressly identified by a specific statutory authorization include "'fees of officers and court personnel [R.C. 2303.28], including clerks of court [R.C. 2303.20]; jury fees [R.C. 2947.23]; witness fees [R.C. 2335.05]; interpreters fees [R.C. 2335.09]; and *fees of psychologists and psychiatrists [R.C. 2947.06]*; etc.'" (Emphasis added.) *Id.*

{¶ 36} Here, the expense at issue is expressly authorized by R.C. 2947.06(B) and is required to be taxed as costs in the case. Because court costs may be taxed without first determining that the offender is able to pay, the trial court did not err in imposing the costs of obtaining the July 1, 2019 evaluation.

{¶ 37} We find Griffin's fourth assignment of error not well-taken.

14.

### III.    Conclusion

{¶ 38} Trial counsel was not ineffective in allowing Griffin to enter a plea after five hours of negotiations.  Negotiations spanned several months, the agreement was finally reached the Friday before trial, and Griffin entered a plea to only four counts of a 12-count indictment—none of which were first-degree felonies—significantly reducing the potential prison term to which he was exposed.  We find Griffin's first assignment of error not well-taken.

{¶ 39} The trial court did not err in taking into account at sentencing Griffin's unindicted conduct.  A court may consider a defendant's unindicted acts when they are not the sole basis for the sentence.  Here, unindicted conduct was but one of many factors considered by the trial court in fashioning Griffin's sentence.  We find Griffin's second assignment of error not well-taken.

{¶ 40} The judgment entry and the transcript of the sentencing hearing make clear that the court considered the purposes and principles of sentencing listed in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and imposed a prison sentence within the statutorily-permissible range.  We will not independently weigh the evidence and substitute our judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12.  We find Griffin's third assignment of error not well-taken.

{¶ 41} The trial court did not err in imposing the costs of prosecution, including the costs incurred in obtaining the July 1, 2019 evaluation from Court Diagnostic and

15.

Treatment Center.  That expense is expressly authorized by R.C. 2947.06(B) and is required to be taxed as costs in the case.  We find Griffin's fourth assignment of error not well-taken.

{¶ 42} We affirm the October 26, 2020 judgment of the Wood County Court of Common Pleas.  Griffin is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.