[Cite as *State v. Edwards*, 2025-Ohio-5774.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                             Court of Appeals No. E-25-016

    Appellee                                         Trial Court No. 2024-CR-0133

v.

Ernest Edwards                                    **DECISION AND JUDGMENT**

    Appellant                                        Decided: December 26, 2025

* * * * *

Kevin J. Baxter, Esq., Erie County Prosecutor, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Loretta Riddle, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Ernest Edwards, appeals the April 11, 2025 judgment of the Erie

County Court of Common Pleas. We sua sponte place this matter on the accelerated

calendar pursuant to App.R. 11.1(A), and this judgment entry is not an opinion of the

court.  *See* S.Ct.R.Rep.Op.3.1; App.R. 11.1(E); 6th Dist.Loc.App.R. 12.  For the following reasons, we affirm the judgment of the trial court.

{¶ 2} On April 10, 2024, appellant was indicted on one count of endangering children in violation of R.C. 2919.22(A) and (E)(2)(c), a third-degree felony.  The charge stemmed from an October 2023 incident in which a two-year-old child sustained second- and third-degree burns over nearly half of his body while under appellant's care.  Appellant entered a guilty plea.  The trial court accepted appellant's plea and found him guilty.

{¶ 3} At the sentencing hearing, the trial court imposed a 36-month prison term, expressly considering the young age of the victim, the extensive and significant injuries sustained by the victim, appellant's relationship with the victim, appellant's failure to seek help for the victim's injuries, and appellant's lack of remorse as evidenced by appellant's inconsistent statements to the police, the medical providers treating the victim, and the court during the sentencing hearing.  In further discussing the likelihood of recidivism, the trial court noted that just a month before the incident underlying the charge in this case, in September 2023, the police were contacted regarding the lack of appropriate supervision of another child in appellant's care, and "there [were] lies at that time, albeit by not necessarily you, but the very next month this happens."

{¶ 4} Appellant timely appealed and raises a single assignment of error for our review:

2.

The trial court's maximum sentence of Appellant on the sole count of the indictment was an abuse of discretion.

Appellant argues that that the trial court improperly considered uncharged conduct and conduct by another person—the person who lied during the September 2023 incident—in imposing his sentence and therefore his sentence was contrary to law. However, the trial court expressly pointed out that the "lies" were not made by appellant, and "[s]o long as they are not the sole basis for the sentence, a court may consider a defendant's unindicted acts" in imposing a sentence. *State v. Griffin*, 2021-Ohio-3137, ¶ 19 (6th Dist.). Indeed, appellant's involvement in an incident that also involved the lack of supervision of a child in his care that occurred only a month before the conduct giving rise to the instant charge was relevant to the recidivism factors a sentencing court is required to consider pursuant to R.C. 2929.12.

{¶ 5} In *State v. Jones*, 2020-Ohio-6729, ¶ 42, the Ohio Supreme Court held that R.C. 2953.08(G)(2) does not permit an "appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." Applying *Jones,* we held that "assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 *is no longer grounds for this court to find reversible error*." *State v. Orzechowski*, 2021-Ohio-985, ¶ 13 (6th Dist.) (emphasis added). Because appellant's assigned error involves the trial court's consideration of a factor that falls squarely within R.C. 2929.11 and 2929.12, he has not

3.

alleged any error that is subject to review by this court, and we find that the State is entitled to have judgment entered in its favor as a matter of law pursuant to App.R. 12(B).  Therefore, the April 11, 2025 judgment of the Erie County Court of Common Pleas is affirmed.

{¶ 6} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.

JUDGE

Myron C. Duhart, J.

JUDGE

Charles E. Sulek, P.J.
CONCUR.

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.