[Cite as *State v. Castaneda*, 2026-Ohio-1490.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                    Court of Appeals No. L-25-00147

    Appellee                                               Trial Court No.  CR 24 2491

v.

Antonio Castaneda                                      **DECISION AND JUDGMENT**

    Appellant                                             Decided: April 24, 2026

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Defendant-appellant, Antonio Castaneda, appeals a judgment of the Lucas County Court of Common Pleas which, following his guilty plea to one count of felonious assault, sentenced him to 8 to 12 years of imprisonment.  Castaneda's appeal challenges the length of his prison term.  For the following reasons, the judgment is affirmed.

# I. Facts and Procedural History

{¶ 2} On October 16, 2024, the Lucas County Grand Jury indicted Castaneda on two counts of felonious assault. Count 1 alleged a violation of R.C. 2903.11(A)(1), cause serious harm, Count 2 alleged a violation of R.C. 2903.11(A)(2), cause or attempt to cause serious harm with a deadly weapon. The charges stem from an incident on the night of October 1, 2024, where Castaneda stabbed the victim, D.T., multiple times, causing injury.

{¶ 3} Pursuant to a plea agreement with the State, on May 21, 2025, Castaneda withdrew his initial not guilty plea and entered a guilty plea to Count 1 with the State agreeing to dismiss Count 2. At the time of his plea, the trial court informed Castaneda of the possible sentencing range of 2 to 8 years of imprisonment with a maximum term of 3 to 12 years.

{¶ 4} At the sentencing hearing, the State and Castaneda presented diverging accounts of the October 1 incident. Defense counsel stated that late that evening Castaneda, who was recently released from prison, was painting at a friend's house when his nephew and D.T. arrived, loud and intoxicated. Castaneda wanted the pair to leave and followed them out of the house. As he followed D.T. towards the car, he heard D.T. say, "I've got something for you" and saw him holding a small sledgehammer in his raised hand. Castaneda then went into his "prison survival mode" to protect himself, though counsel acknowledged that he used excessive force.

{¶ 5} According to the State, the incident did not occur at Castaneda's friend's house. Castaneda's nephew and D.T. had left that location and went to the nephew's

2.

house.  Castaneda later followed.  After arriving, he approached D.T., who was walking to his car, and stabbed him in the back.  D.T. then reached into his vehicle for the hammer to defend himself.  Castaneda stabbed him in the neck and slashed him across the face.

{¶ 6} The State noted Castaneda's violent criminal history and the fact that he entered into the plea agreement only after being presented with the recordings of his jail calls discussing all the stories he planned on telling the jury.  Castaneda also mocked D.T., calling him Bozo and scar face and sent images of his open face wound to a friend stating that it should motivate the friend.

{¶ 7} Addressing the court, Castaneda stated: "Well, first off, I do apologize for the incident that happened[.]"  He explained that on the night of the incident, after his nephew and D.T. left his friend's house, he learned that the nephew was having "trouble" with D.T.  He went to the nephew's home and told D.T. to leave his family's property.  After D.T. said, "I got some for you, too," he ran to his car and grabbed something that he hit Castaneda with.  Castaneda stated that he then retaliated.

{¶ 8} Castaneda continued:

> I got to sit here and look at this dude every fucking day in my mind that I cut him up for something stupid.  I'm going to pay the price, not him. . . . That man knows the truth.  It's going to eat him up.  Whatever he do to me, it's fine.  I got it in the heart, but that man's going to deal with it.  He's the one.  He's got to look at himself every day.  Not me.  I accept mine all day.  But that man he has to live with his.  Because he's lying about certain things, and he knows it.

{¶ 9} Imposing sentence, the court stated:

3.

[W]hat you just said was blaming the victim, in my opinion, showing a lack of remorse. So I think given your extremely violent history, 13 felonies as an adult, 19 misdemeanors, the injuries to the [victim], the lack of remorse that you showed during the allocution. I'm going to set the minimum at 8 years.

{¶ 10} This appeal followed.

## II. Assignment of Error

{¶ 11} Castaneda raises the following assignment of error for review:

I. The trial court erred in imposing the maximum indefinite sentence of 8 to 12 years, as it is contrary to law under R.C. 2929.11 and 2929.12.

## III. Analysis

{¶ 12} Castaneda's sole assignment of error challenges the trial court's imposition of a maximum, indefinite sentence by relying on "an improper consideration of a mischaracterized 'lack of remorse' unsupported by the record."

{¶ 13} Felony sentencing challenges are reviewed under R.C. 2953.08(G)(2). The statute permits an appellate court to increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand the matter for resentencing where the court clearly and convincingly finds:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶ 14} Under R.C. 2929.11, in sentencing a defendant convicted of a felony a trial court is instructed to consider the purposes of felony sentencing, including protecting the public, punishing the offender, and promoting rehabilitation. R.C. 2929.12 provides a nonexhaustive list of seriousness and recidivism factors, including the lack of remorse.

{¶ 15} As Castaneda acknowledges, an appellate court's contrary to law review does not extend to a factual determination of whether a sentence is supported by the record under R.C. 2929.11 and 2929.12. *State v. Edwards*, 2025-Ohio-5774, ¶ 5 (6th Dist.), citing *State v. Jones*, 2020-Ohio-6729, ¶ 42. Castaneda contends, however, that the trial court's finding that he lacked remorse "constitutes an improper factor, as it is not supported by the evidence and distorts the application of R.C. 2929.12(E)(5)."

{¶ 16} Castaneda's argument relies on *State v. Bryant*, 2022-Ohio-1878. In *Bryant*, after the trial court orally pronounced the defendant's sentence, the defendant went on an "angry, profanity-laced tirade." *Id.* at ¶ 12, 24. The trial court immediately increased the defendant's sentence "by six years for disruptive and disrespectful courtroom behavior." *Id.* at ¶ 31. Distinguishing *Jones*, the Supreme Court held that "[b]ecause neither R.C. 2929.11 nor 2929.12 permits trial courts to consider disruptive or disrespectful courtroom behavior when fashioning sentences. . . the increase in Bryant's sentence was contrary to law." *Id.*

{¶ 17} *Bryant* is distinguishable from the present facts. The trial court's finding that Castaneda lacked remorse falls squarely within the R.C. 2929.12 sentencing factors and is not reviewable by this court. *Edwards* at ¶ 5, citing *Jones* at ¶ 42. The record does not evidence a "distortion" of the remorse factor. Even a cursory review clearly shows,

5.

as stated by the trial court, that Castaneda blamed D.T. for the incident. Castaneda's assignment of error is not well-taken.

## IV. Conclusion

{¶ 18} Upon due consideration, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, Castaneda is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Christine E. Mayle, J. | |
| | JUDGE |
| Gene A. Zmuda, J. | |
| | JUDGE |
| Charles E. Sulek, J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.